

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES O. DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-122-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Charles O. Davis, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. BACKGROUND**

On March 15, 2016, in the 355th Judicial District Court, Hood County, Texas, Case No. CR13077, pursuant to a plea agreement, petitioner pleaded guilty to one count of delivery of a controlled substance, dihydrocodeinone, of less than 28 grams and true to repeat and habitual allegations in the indictment and

was sentenced to 12 years confinement in TDCJ. (State Habeas R.[1] 84-90, doc. 10-4.) Petitioner did not appeal the trial court's judgment, but he did file a state habeas-corpus application challenging the 2016 conviction, which was denied by the Texas Court of Criminal Appeals without written order. (Action Taken, doc. 10-3.)

## II. ISSUES

In this federal habeas petition, petitioner raises two grounds for relief, alleging ineffective assistance of trial counsel and entrapment.[2] (Pet. 6, doc. 1.)

## III. RULE 5 STATEMENT

Respondent does not move for dismissal of the petition for failure to exhaust or assert that the petition is barred by the successive-petition bar or the federal statute of limitations. (Resp't's Answer 3-4, doc. 11.)

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state

---

[1] "State Habeas R." refers to the record of the state habeas proceeding in No. WR-86,156-02.

[2] In petitioner's reply brief, he raises new claims and legal arguments. (Pet'r's Reply, doc. 16.) Under the orders of the court and the rules governing habeas actions, a petitioner cannot raise new claims in reply to the respondent's answer. Therefore, the claims are not addressed.

court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2).

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state

3

court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

## V. DISCUSSION

Petitioner asserts that he received ineffective assistance of trial counsel because counsel coerced him into pleading guilty. (Pet. 6, doc. 1.) Specifically, he asserts that (all spelling, grammatical, and/or punctuation errors are in the original)—

> he paid an attorney Thirty Five Hundred Dollars to represent him in this cause. At the initial interview attorney did tell [petitioner], his case is clearly an entrapment case and he could guarantee that I wouldn't do any time if I paid him the Thirty Five Hundred Dollar fee. After I paid him in full he simply refused to even do the minimum standards required by law. He told me that the entrapment was no longer an issue due to my priors, and that there was no grounds to argue them on, he also told me that my only option was to take 12 years T.D.C or that I would get a life sentence if I didn't. I told him that I did not sell drugs as a profession, that the alledged drugs were my personal prescription bottle with me and another 30 pills were confiscated by police and placed in my personal property after I made bond they returned the other Thirty Pills back to me because I had a prescription for them. I told him how the undercover police officer had called my cell phone and claimed to be someone that I knew and he wanted to know if I could possibly sell him some of my prescription pain medicine because he was in serious pain. He kept calling me until I agreed and he wanted me to drive from Ft. Worth to Grandbury, Texas approximately 32 miles away I told him "NO"

4

> initially, then he persuaed me by offering me an extra
> Thirty Dollars if I agreed, that automatically would
> put me in his juridiction, prive to this episode I had
> never been to Grandbury in my life. My attorney gave me
> incorrect legal advice. I now found out that this was
> clearly entrapment. The Undercover police officer had
> my phone number and I automatically assumed he was a
> friend I didnt recall when we met he told me that he
> was an old friend on another level and that he had my
> phone number but never had called in the past. Since he
> had my personal cell phone number and knew my name and
> the fact that I get Prescription Pain Medicine I
> beleived him. My Attorney then told me unless you can
> come up with another Thirty Five Hundred Dollars I
> can't win this case and I can't pursue an entrapment
> defense. I told him that I cant afford any more money
> on my income, I'm on Disability and my family had to
> pay most of your fee. He then told me 'quote" Well if
> they want to keep you out of prison they will have to
> come up with another Thirty Five Hundred Dollars.

(Pet'r's Mem. 4, doc. 2.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington,* 466 U.S. 668, 688 (1984). To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland,* 466 U.S. at 687. In assessing the reasonableness

5

of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). However, by entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all nonjurisdictional defenses and defects in the proceedings preceding the plea, including an ineffective-assistance-of-counsel claim unless the ineffective-assistance claim affects the voluntary nature of the plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A

6

defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

No evidentiary hearing was held and no express findings of fact or conclusions of law were made by the state courts regarding petitioner's ineffective-assistance claim. The state habeas judge, who also presided over the plea proceedings, merely recommended denial of petitioner's state application after finding that there were "no controverted, previously unresolved issues of fact material to the legality of the Petitioner's conviction." (State Habeas R. 61, doc. 10-4.) The recommendation was followed by the Texas Court of Criminal Appeals, which denied relief without written order.

In the absence of express findings of fact or a written opinion, this court assumes the state courts applied the *Strickland* standard and made factual findings consistent with the state courts' rejection of the claim. Thus, it may be assumed that the state courts determined that petitioner's guilty plea was knowing, voluntary, and intelligent. This conclusion is further reinforced by petitioner's execution of the plea documents acknowledging that he was aware of the consequences of his plea and that his plea was freely and voluntarily entered. (State Habeas R. 86, doc. 10-4.)

Deferring to the state courts' implied finding, petitioner's claim that counsel coerced him into pleading guilty is groundless. Petitioner's conclusory assertions, after the fact, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity").

Petitioner's remaining claim that he was entrapped by law enforcement is waived as a result of his knowing, voluntary, and intelligent guilty plea. *See United States v. Sarmiento,* 786 F.2d 665, 668 (5th Cir. 1986).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby denied.

SIGNED July **3**, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE